UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>RICHARD LEE WESTOM,<br><br>    Defendant/Petitioner. | NO. CR-04-105-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE AND FOR IMMEDIATE RELEASE** |

Defendant Richard Lee Westom seeks to vacate his sentence based on the rules articulated by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2251 (2015). ECF No. 79. Mr. Westom asks the Court to amend his sentence because his prior Washington convictions for Second Degree Burglary can no longer form the basis for an Armed Career Criminal sentencing enhancement. *Id.* at 12. On March 15, 2016, the Court held a hearing on Defendant's Motion to Vacate Sentence and for Immediate Release pursuant to 28 U.S.C. § 2255. ECF Nos. 87 & 88. Jared Kimball appeared for the U.S. Attorney's Office (hereinafter, "the government"). Defense counsel Alison Guernsey represented Defendant, who was not present.[1] After reviewing the record and

---

[1] "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

ORDER - 1

hearing from counsel, the Court denies Mr. Westom's habeas motion for the reasons set forth below.

In 2005, Mr. Westom was found guilty of possessing a firearm while being a convicted felon under 18 U.S.C. § 922(g)(1), subjecting him to a statutory maximum sentence of not more than 10 years imprisonment. ECF Nos. 66 & 67; 18 U.S.C. § 924(a)(2). At his sentencing, however, the Court determined that Mr. Westom qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had three prior violent felonies, which qualified as violent felonies under the enumerated offense and elements clauses. ECF Nos. 56, 66, 67, 68 at 11 ("Washington's first degree burglary statute meets the generic burglary definition required under federal law for a predicate felony and so finds as to the burglary in the first degree conviction."), & 68 at 46 (finding that the two Second Degree Burglary convictions qualify as ACCA predicates). As a result, he was subject to a mandatory minimum sentence of fifteen years and a maximum sentence of life in prison. The Court sentenced Mr. Westom to 180 months. ECF No. 98.

On October 16, 2006, the Ninth Circuit Court of Appeals affirmed Mr. Westom's judgment and sentence. *See U.S. v. Westom*, 203 Fed. Appx. 781 (9th Cir. 2006). Specifically, the Ninth Circuit rejected Defendant Westom's argument "that the district court erred by imposing the ACCA enhancement because his prior Washington state convictions for second degree burglary were not violent felonies." *Id.* Instead, the Ninth Circuit found that "the charging information and guilty plea statement from Westom's prior second degree burglary convictions

ORDER - 2

satisfy the elements of generic burglary." *Id.* The Ninth Circuit affirmed Mr. Weiland's 180-month sentence. *Id.*

Ten years after the Ninth Circuit affirmed Mr. Westom's conviction and sentence, the Supreme Court decided *Johnson v. United States*:

> hold[ing] that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

135 S. Ct. 2551, 2563 (2015). The Supreme Court found the residual clause unconstitutional because it "denies fair notice to defendants" and "due process of law." *Id.* at 2557. In light of *Johnson,* Mr. Westom brings this motion pursuant to 28 U.S.C. § 2255. He contends that he is serving an illegal sentence because he has already served more than the ten-year statutory maximum he would have been subject to had this Court not found him to be an armed career criminal under ACCA's residual clause.

The Court finds that *Johnson* is inapplicable to Mr. Westom's case. *Johnson* specifically found ACCA's residual clause to be unconstitutional but explicitly stated that "the remainder of the Act's definition of a violent felony," remains unchanged. *Id. See also, Welch v. United States*, 578 U.S. __ (2016) (stating that convictions under ACCA's other clauses are unaffected by *Johnson*). In Mr. Westom's case, all of his ACCA predicate offenses were found under the elements and enumerated offenses clauses and not under the

ORDER - 3

residual clause. Therefore, *Johnson* cannot provide him the relief he seeks.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Vacate Sentence and for Immediate Release, **ECF No. 79**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this  22nd  day of April 2016.

_s/Edward F. Shea_
EDWARD F. SHEA
Senior United States District Judge